IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 04-1115 JB

MARLENE MARTINEZ-JIMENEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report, filed October 26, 2004 (Doc. 17). The Court held a 78-minute long evidentiary sentencing hearing on November 16, 2004. The primary issue is whether the United States has produced sufficient evidence to establish the prior convictions on which the United States Probation Office has calculated Defendant Marlene Martinez-Jimenez' criminal history. Based on the reasons stated at the sentencing, and consistent with those reasons, the Court will sustain the objections to paragraphs 23 and 25 of the Presentence Report ("PSR"), but finds that the record is sufficient on the prior convictions contained in paragraphs 22 and 24.

## PROCEDURAL BACKGROUND

On May 13, 2004, Martinez-Jimenez, a citizen of Columbia, was arrested for being in the United States without lawful permission. A records check revealed that she had previously been deported. On June 15, 2004, she pleaded guilty to Reentry of a Deported Alien Previously Convicted of a Felony, in violation of 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2), pursuant to plea agreement with the United States.

The United States Probation Office prepared a PSR that indicates Martinez-Jimenez has seven prior convictions for which she may receive a total of 12 criminal history points. See PSR ¶ 20-26, at 5-10. Evidence of the conviction in paragraph 22 consists solely of "records received from the Supreme Court for New York County [that] do not indicate whether or not the defendant was represented by counsel." Id. ¶ 22, at 6. In addition, the conviction in 1990 -- 14 years and 4 months ago -- is based solely on a "letter." Id. See Letter from Norman Goodman, County Clerk, New York County, to Olivia Molina, United States Probation Clerk (dated June 14, 2004)(attached to the Clerk's Minutes dated November 16, 2004 as Exhibit 1). This letter, which, according to the United States, could also be categorized as an "abstract" of the prior conviction, see Transcript of Sentencing Hearing at 20:1-24 (November, 16, 2004),[1] lists the name of the crime for which Martinez-Jimenez entered a plea -- "Attempted Criminal Possession of a Controlled Substance 5th Degree" -- as well as the date of the plea and the sentenced received.[2] Exhibit 1. The letter is from the Supreme Court

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

[2] The Court notes that this letter or abstract references "Susana Cabajar" as the defendant to the crime. See Exhibit 1. A PSR prepared for the United States District Court for the District of New York in a previous matter, United States v. Marlena Martinez-Jimenez, No. 98 CR 529-01, lists "Susana Cabajar" as an alias for "Marlena Martinez-Jimenez," the Defendant in this case (although the Court notes the difference in the spelling of her first name). See Exhibit 2A attached to the Clerk's Minutes for November 16, 2004. More importantly, the FBI number is the same for both "Susana Cabajar" and Marlene Martinez-Jimenez. The Court finds, therefore, that the prior conviction of "Susana Cabajar" refers to the same person before the Court in this case, Marlene Martinez-Jimenez. The Court also notes that the PSR prepared for this case lists "Susana Carbajar" as an alias, see PSR at 2, which is an alias the Martinez-Jimenez admitted to using to a probation officer, see Transcript at 8:20-23. Although the spelling of this alias is slightly different than that of the alias listed in the New York matter, Martinez-Jimenez, at the sentencing hearing, did not dispute or object to the conclusion that "Susana Cabajar" is an alias of Martinez-Jimenez. See, e.g., Transcript at 16:12 - 19:22 (containing Marlene-Jimenez' cross examination of John Montoya about the letter, which does not include any objection to or reference of the alias "Susana Cabajar" being Martinez-Jimenez); id. at 4:9-17 (not disputing any portion of the PSR except paragraphs 22, 23, 24, and 25).

of the State of New York and signed by the County Clerk. See id. According to probation officer for this matter, John Montoya, the New York court sent this letter in response to Probation Office's repeated efforts to obtain information on Martinez-Jimenez' prior convictions. See Transcript at 24:25 - 26:7. The other evidence on this prior conviction is contained in Martinez-Jimenez' National Crime Information Center (NCIC) record. See Exhibit 1 to Clerk's Minutes for November 16, 2004, sentencing. The NCIC record lists the crime to which Martinez-Jimenez pled guilty, the date of the conviction, and the sentence received. See id. at 1.

In paragraph 23, again, the PSR has not determined whether counsel represented Martinez-Jimenez. In addition, the information relating to the conviction was "obtained from a pre-sentence report prepared by the U.S. Probation Office." See PSR ¶ 23, at 7. According to the Second Addendum to the PSR, Montoya advises that all records on the conviction in the Municipal Court of New Jersey have been destroyed, but he was able to obtain the bench warrant for Martinez-Jimenez' arrest. See Second Addendum to the Presentence Report, at 2. The only available documentation of the conviction, therefore, is the earlier PSR report, the NCIC record[3] -- which contains the name of the offense, the disposition date, and that the disposition was guilty -- and an arrest warrant issued by the Municipal Court of the City of Hoboken, County of Hudson, State of New Jersey.[4] See Exhibit 2A to Clerk's Minutes for November 16, 2004, sentencing. The Court

---

[3] The Court notes that the NCIC record on this particular conviction is for "Claudia Rodriguez," but the record also lists "Marlene Martinez" as an alias of "Claudia Rodriguez." The FBI number, however, is the same for both "Claudia Rodriguez" and Marlena Martinez-Jimenez.

[4] The arrest warrant charges "Claudia Rodriguez" with "failure to appear [sic] violation of probation." Exhibit 2A. The Court notes, however, that "Claudia Rodriguez" is the same name listed on the NCIC record, and the NCIC record lists "Marlene Martinez" as a known alias. See footnote 2, supra. Moreover, the arrest warrant date listed for the "theft by deception" conviction in the NCIC report is the same date of the arrest warrant provided in Exhibit 2A. See Exhibit 2 at 1.

notes that paragraph 23 of the PSR refers to this particular conviction as "disorderly conduct," but the earlier PSR and the NCIC record categorize the charge as "theft by deception."

The second addendum to the PSR contains a judgment of conviction for the prior conviction described in paragraph 24. At the sentencing hearing, Martinez-Jimenez, after reviewing the judgment of conviction, withdrew her objection to paragraph 24. See Transcript at 39:25 - 40:12.

In regard to paragraph 25, the existence and description of the prior conviction is based on the PSR prepared for the District of New York, as well as the NCIC record.

The PSR also assesses Martinez-Jimenez additional criminal history points: two because she committed the present offense while under a criminal justice sentence, and another point because the present offense occurred less than two years after her release from imprisonment.

Martinez-Jimenez filed her Objections to the Pre-Sentence Report on October 25, 2004. Martinez-Jimenez objects to the PSR's calculation of her criminal history. Specifically, Martinez-Jimenez objects to the scoring in paragraphs 22, 23, 24, and 25. Martinez-Jimenez submits that her offense level is 19, pursuant to the rule 11(c)(1)(C) plea agreement, and that her criminal history computation is a total of 6 points based on paragraphs 26, 27, and 28. With a criminal history of III, the sentencing guideline provision would be 37-46 months.

### LAW ON DOCUMENTATION OF PRIOR CONVICTIONS

"Due Process requires only that a court sentence defendants in proceedings that are fundamentally unfair." United States v. Smith, 208 F.3d 1187, 1189 (10th Cir. 2000)(citing Parke v. Raley, 506 U.S. 20, 34 (1992) and concluding that a burden-shifting sentencing statute was not fundamentally unfair and therefore did not violate due process). The sentencing process is subject to a "less exacting standard" than the process of establishing guilt. See Alabama v. Shelton, 535 U.S. 654, 664 (2002)(citing United States v. Nichols, 511 U.S. 738, 747 (1994)).

U.S.S.G. § 4A1.1 delineates the criminal history points a sentencing court must assess a defendant for each prior sentence. See U.S.S.G. § 4A1.1. A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilty whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The United States must establish the fact of a prior conviction by a preponderance of the evidence. See United States v. Ortiz, 63 F.3d 952, 955 (10th Cir. 1995).

"[T]he PSR may be adopted without further inquiry so long as the facts rest on adequate evidentiary basis." United States v. Rome, 207 F.3d 251, 254 (5th Cir. 2000)(citing United States v. Alford, 142 F.3d 825, 832 (5th Cir.), cert. denied, 525 U.S. 1003 (1998)). "An exception is made, however, when the PSR simply gives 'a recitation of the conclusions of . . . the prosecutor.'" Id. (citing United States v. Elwood, 999 F.2d 814, 817 (5th Cir. 1993)). Evidence at sentencing must have "sufficient indicia of reliability to support its probable accuracy." United States v. Narviz-Guerra, 148 F.3d 530, 537 (5th Cir. 1998)(quoting U.S.S.G. § 6A1.3(a)(1995)). The mere fact that the PSR includes information does not transform it into reliable evidence. See United States v. Rome, 207 F.3d 251, 254 (5th Cir. 2000). "Bald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR." Id. at 254 (quoting United States v. Elwood, 999 F.2d at 817-18).

The prosecution has the initial burden of establishing, by a preponderance of evidence, a defendant's prior convictions. See United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996). The United States Court of Appeals for the Tenth Circuit has held that "a certified docket sheet, is adequate, absent come contradictory evidence by the defendant, to establish the existence of a prior conviction" for sentencing enhancement under the Sentencing Guidelines. Id. The Tenth Circuit has also held that "certified copies of journal entries" are sufficient to establish prior convictions. United

States v. Johnson, 973 F.2d 857, 861-62 (10th Cir. 1992). "Prior convictions can be proven for sentencing purposes through collateral sources such as a docket sheet." United States v. Chavarria, No. 99-1444, 2000 WL 192830, at **3 (10th Cir. Feb. 17, 2000)(unpublished)(citing United States v. Simpson, 94 F.3d at 1381). Tenth Circuit opinions after United States v. Simpson have held that uncertified computer printouts of docket sheets from municipal courts are sufficient to establish the existence of a prior conviction. See United States v. Esparza-Varela, 106 Fed. Appx. 1, 2004 WL 1280531, at **3 (10th Cir. June 10, 2004)(unpublished)(affirming sentence based on prior conviction proven by computer printouts from databases of the municipal court and the U.S. probation office); United States v. McGee, No. 99-2054, 1999 WL 704288, at **2 (10th Cir. Sept. 10, 1999)(unpublished)(holding that uncertified computer printouts of court docket entries from the Bernalillo County Metropolitan Court were sufficient to establish the fact of a prior conviction). In United States v. Chavarria, the defendant argued the district court erred by including a prior state conviction in the calculation of his criminal history because the state court clerk did not enter a final judgment on the prior state court conviction. See 2000 WL 192830, at **1. The Tenth Circuit rejected this argument, holding that "on-line records of the clerk's office and a letter from the Clerk explaining why a [final judgment] had not been entered" were sufficient to establish the prior conviction for purposes of calculating sentence enhancement under the Sentencing Guidelines. Id.

A court may not base a sentence enhancement on a prior uncounseled misdemeanor conviction where the defendant was sentenced to imprisonment, unless the defendant waived counsel. See United States v. Nichols, 511 U.S. at 746-47. However, "[o]nce the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)(citing United States v. Johnson 973 F.2d at 862). "[E]ven when a collateral attack on a final

conviction rests on a constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Parke v. Raley, 506 U.S. at 31. In Parke v. Raley, the Supreme Court of the United States upheld Kentucky's habitual criminal statute against a challenge pursuant to Boykin v. Alabama, 395 U.S. 238 (1969), which did not require the government to carry the entire burden of proof concerning the validity of prior convictions. In Boykin v. Alabama, the Supreme Court found reversible error when a trial judge accepted a defendant's guilty plea without creating a record affirmatively showing that the pleas was knowing and voluntary.

## ANALYSIS

### I.   MARTINEZ-JIMENEZ' OBJECTION TO PARAGRAPH 22 IS OVERRULED.

The documentation for the conviction in paragraph 22 is sufficient. The letter from the Supreme Court of the State of New York, which was signed by the County Clerk, coupled with the NCIC record listing the conviction at issue, is sufficient to establish, by a preponderance of evidence, the prior conviction.

Once the United States meets its burden of establishing the prior conviction, the burden shifts to Martinez-Jimenez to show the prior conviction was constitutionally infirm. The United States argues that Martinez-Jimenez' argument fails because she brings no evidence to overcome the presumption of regularity that attaches to prior proceedings. Martinez-Jimenez does not offer any evidence demonstrating that the prior conviction contained constitutional infirmities.

The Court will overrule Martinez-Jimenez' objection to the inclusion of this prior conviction in the PSR because the United States established the prior conviction by a preponderance of evidence and Martinez-Jimenez did not show that the prior conviction was constitutional infirm.

## II.    THE COURT WILL SUSTAIN MARTINEZ-JIMENEZ' OBJECTION TO PARAGRAPH 23.

The only evidence that the United States offered to support the prior conviction addressed by paragraph 23 is the PSR prepared for an earlier proceeding in New York, the arrest warrant, and the NCIC record. The earlier PSR does not contain a judgment or a transcript of the prior conviction. Moreover, there is some evidence in the record indicating there was a confusion in the charge (paragraph 23 of this PSR refers to disorderly conduct, but the earlier PSR and the NCIC record refer to theft by deception).

The Court finds that this evidence is insufficient to establish the fact of this prior conviction and, therefore, will sustain Martinez-Jimenez' objection as to paragraph 23. The alleged conviction in this paragraph, therefore, will not be taken into account by the Court when calculating Martinez-Jimenez' criminal history.

## III.    MARTINEZ-JIMENEZ WITHDREW HER OBJECTION TO PARAGRAPH 24.

At the sentencing hearing, Martinez-Jimenez, after reviewing the judgment of conviction, withdrew her objection to paragraph 24. See Transcript at 39:25 - 40:12. The Court, therefore, will consider the prior conviction contained in paragraph 24 in calculating Martinez-Jimenez' sentencing enhancement.

## IV.    THE COURT WILL SUSTAIN MARTINEZ-JIMENEZ' OBJECTION TO PARAGRAPH 25.

The information in paragraph 25 is based on a presentence report and the NCIC record. As discussed in regard to the objections to paragraph 23, this is insufficient to establish the fact of a prior conviction.

The Court, therefore, will sustain Martinez-Jimenez' objection to paragraph 25, and amend the PSR accordingly.

**IT IS ORDERED** that the Defendant's objections to paragraphs 23 and 25 are sustained; the Defendant's objections to paragraphs 22 and 24 are overruled and, accordingly, with 10 total criminal history points, her sentence will be consistent with a Criminal History of V.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
James D. Tierney
Norman Cairns
  Assistant United States Attorneys
Albuquerque, New Mexico

>  *Attorneys for the United States*

Luis B. Juarez
Las Vegas, New Mexico

>  *Attorney for the Defendant Marlene Martinez-Jimenez*